### 58401. CITIZENS & SOUTHERN REALTY INVESTORS v. L. G. BALFOUR COMPANY.

SMITH, Judge.
Appellant seeks to hold appellee liable for amounts due on a lease, asserting that appellee ratified the lease or is estopped to deny ratification of the lease. The trial court

granted appellee's motion for summary judgment. We affirm.

1. In support of its motion for summary judgment, appellee supplied the trial court with the affidavits of the individuals who, as agents of appellant's predecessor in interest, entered into the lease with appellee. These uncontroverted affidavits establish that the lease was entered into with the understanding that appellee's salesman was to be individually responsible for the lease obligation. Under these facts, appellee cannot be said to have ratified the lease. "The doctrine of ratification is not applicable against a person as to an act of one who did not assume to act in his name or under authority from him." *Swicord v. Waxelbaum,* 23 Ga. App. 297 (97 SE 891) (1919); *Deal v. Dickson,* 232 Ga. 885, 886 (209 SE2d 214) (1974).

2. Appellant asserts that an issue of fact remains as to whether appellee is estopped to deny ratification of the lease because appellee filed a counterclaim, which it later voluntarily dismissed, stating (1) that "Defendant paid over the sum of $750.00 to Plaintiff's predessors [sic] in interest as a security deposit to be held until termination of the lease . . ." and (2) that "[a]s a direct and foreseeable result of Plaintiff's breach of said lease agreements . . . the Defendant suffered considerable damages in the amount of $1,012.92 for expenses incurred in connection with moving and relocating its business." We disagree.

"Under the rule of the Code and the decisions of this court thereunder, admissions made in pleadings constitute a conclusive presumption of law, unless and until altered by amendment. Even though such admissions be so altered or withdrawn, they can still be used as evidence on the trial, but, in such event, not as solemn admissions in judicio so as to estop the party making them from denying them. Code §§ 38-402, 38-404, 38-114; *Mims v. Jones,* 135 Ga. 541, 544 (69 SE 824); *Lydia Pinkham Medicine Co. v. Gibbs,* 108 Ga. 138, 140-141 (33 SE 945)." *Field v. Manly,* 185 Ga. 464, 466 (195 SE 406) (1938). However, even if appellee were estopped to deny the admissions contained in its counterclaim, these admissions do not raise an issue as to whether appellee is estopped to deny ratification of the lease. Appellee's

counterclaim cannot be construed so as to constitute an admission that appellee ever ratified the lease. The record is bare of any admission by appellant that its salesman assumed to act on appellee's behalf when he entered into a lease with appellant's predecessor in interest. Indeed, the uncontroverted affidavits establish that all original parties to the lease understood that appellee's salesman "signed the lease as an individual and not on behalf of the L. G. Balfour Company."

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

ARGUED SEPTEMBER 11, 1979 — DECIDED
JANUARY 7, 1980.

*J. Arthur Lee,* for appellant.
*Gary L. Seacrest, M. Cook Barwick, Thompson T. Rawls, II,* for appellee.