66476. STONE et al. v. GEORGE F. RICHARDSON, INC.
66477. STONE & ROZEMA et al. v. GEORGE F.
RICHARDSON, INC.

McMurray, Presiding Judge.

This is the second appearance of this garnishment action before this court. See *Stone v. George F. Richardson, Inc.,* 163 Ga. App. 86 (293 SE2d 746). Upon remand to the trial court judgment was entered against the garnishees pursuant to the trial court's determination as to what money was subject to garnishment and within the limitation that the judgment in no event exceeded the amount claimed due by plaintiff.

Upon remand garnishees filed their motion to terminate proceedings in this action predicated upon the defendants having filed bankruptcy proceedings and under the automatic stay provisions of 11 USCA § 362, the bankruptcy action in question having been filed November 25, 1981. The trial court denied garnishees' motion to terminate proceedings on the basis of the bankruptcy action and proceeded to enter its revised judgment against the garnishees, supported by its findings of fact and conclusions of law.

A motion has been filed to consolidate these two cases for consideration by this court. We proceed to do so. Both of these cases were docketed in this court on April 5, 1983, however, Case No. 66477 discloses it was prepared for transmittal by the clerk of the lower court on December 10, 1982. Thereafter, on December 22, 1982, the trial court in Case No. 66476 ordered the dismissal of the appeal by the defendant William D. Stone and garnishee Stone & Rozema, DDS, PC, presumably by the garnishee appellants' failure to post supersedeas bonds pursuant to the order of the court dated November 30, 1982. The record in that case (No. 66476) was prepared for transmittal on March 10, 1983.

In Case No. 66476 the appeal is from an order of the trial court dismissing the appeal in Case No. 66477, yet that appeal has been docketed in this court. With reference to that appeal we find the following: The consolidated brief of the appellants fails to mention the dismissal of the appeal, much less show error by argument and citation of authority. Appellants' enumerations of error are, therefore, as to that appeal, deemed abandoned. Rule 15 (c) (2) (Code Ann. § 24-3615), Rules of the Court of Appeals, adopted February 23,

1981, effective September 1, 1981. See *Field Developers, Inc. v. Johnson,* 160 Ga. App. 180 (1) (289 SE2d 321); *Davis v. Davis,* 238 Ga. 143 (231 SE2d 753). Consequently, we must affirm that judgment.

Case No. 66477 had been properly docketed in this court (although as shown above, the trial court attempted to dismiss the appeal) for review. We proceed to review that judgment, notwithstanding the above ruling.

First of all, we inquire into our jurisdiction to consider the case. In the Appellate Practice Act of 1965 (OCGA § 5-6-48 (c) (formerly Code Ann. § 6-809 (b) (Ga. L. 1965, pp. 18, 29; 1965, pp. 240, 241; 1966, pp. 493, 500; 1968, pp. 1072, 1073, 1074; 1972, p. 624; 1978, p. 1986)) dismissal of appeals were generally prohibited and therein permitted only under certain circumstances. In Section (c) (formerly (b)), supra, thereof the trial court is permitted in two instances to dismiss appeals "where there has been an unreasonable delay in the filing of the transcript and it is shown that the delay was inexcusable and was caused by such party," and the trial court may order the appeal dismissed "where there has been an unreasonable delay in the transmission of the record to the appellate court, and it is seen that the delay was inexcusable and was caused by the failure of a party to pay costs in the trial court or file an affidavit of indigence." See *Dunbar v. Green,* 232 Ga. 188 (205 SE2d 854). Neither of these situations has occurred here since the court clearly dismissed the appeal for the failure of the appellants to post a supersedeas bond, said order of dismissal being absolutely void. Therefore, despite the affirmance of that judgment by reason of the failure of the appellants to properly pursue a review, we find ourselves with the case in question properly filed in this court for review. We, therefore, cannot dismiss the appeal but must consider the enumerations of error.

The first enumeration of error which we consider (which also controls the case) is that the trial court erred in proceeding to consider the matter subsequent to November 25, 1981, despite the stay of United States Bankruptcy Court which the appellants contend rendered all proceedings thereafter null and void in violation of the automatic stay provisions of the United States Code, 11 USCA § 362.

Submission of summons of garnishment is part of the plaintiff's efforts to enforce its judgment against the defendant. Generally, such garnishment proceedings are automatically stayed by 11 USCA § 362 (a). See in this regard Zestee Foods v. Phillips Foods Corp., 536 F2d 334, 336. The trial court has stated two reasons for its holding that the general rule is inapplicable here. The first reason stated by the trial court is that the property of the defendant held by the garnishee involved periods of time long before the filing of defendant's personal

bankruptcy petition. We find no authority to support a position that this should influence the effect of 11 USCA § 362 (a). Secondly, the trial court states that the garnishees' false answers with regard to the defendant's property in its possession created an independent liability against the garnishees as of the date of the trial court's original judgment of October 5, 1981. Under the circumstances of the case sub judice, this is partially correct.

The automatic stay provided under 11 USCA § 362 is purposely broad in its reach so as to prevent dismemberment of the debtor's estate in a chaotic and uncontrolled scramble for the debtor's assets in a variety of uncoordinated proceedings in different courts. In re Alyucan Interstate Corp., 12 B. R. 803, 806; In re Seafarer Fiberglass Yachts, Inc., 1 B.R. 358. Actions taken in violation of an automatic stay are void and without effect. In re Wheeler, 5 B.R. 600. However, the automatic stay does not affect actions against property which is not part of the debtor's estate. In re Fintel, 10 B.R. 50, 51-52.

Thus, the trial court's reference to an "independent liability" of the garnishees apparently reflects a determination that the sum set forth in its judgment does not include any amount which is a part of the estate of the defendant (debtor). The validity of this conclusion may be determined through consideration of the language of OCGA § 18-4-92 (formerly Code Ann. § 46-514 (Ga. L. 1976, pp. 1608, 1622)) which provides that the liability of the garnishee is limited to the money or other property it has delivered to the court with its answer "plus any money or other property the court finds subject to garnishment which the garnishee has failed to deliver to the court." No money or other property having been delivered to the trial court, we are involved only with sums subject to garnishment which the garnishee has failed to deliver to the court. As to what is subject to garnishment, see OCGA § 18-4-111 (formerly Code Ann. § 46-702 (Ga. L. 1980, pp. 1769, 1775)). Clearly all debts owed by the garnishees to the defendant and all property, money or effects of defendant in possession or control of the garnishees at the time of service of the summons of continuing garnishment are portions of the estate of defendant so that garnishment proceedings directed at these assets are subject to the automatic stay of 11 USCA § 362.

So long as defendant's assets remain in the possession of the garnishees, the liability of the garnishees is predicated upon that possession. An independent liability of the garnishees arises where the garnishees are no longer in possession due to some arrangement, between the defendant and the garnishees after the date of the service of the summons of continuing garnishment upon the garnishees, designed to defeat the lien of such garnishment. See in this regard OCGA § 18-4-111 (a) (Code Ann. § 46-702 (a)), supra, and

*Gant, Inc. v. C. & S. Nat. Bank,* 151 Ga. App. 212 (259 SE2d 485), construing the similar provisions of former Code Ann. § 46-301 (a) (Ga. L. 1976, pp. 1608, 1613; 1977, pp. 159, 164; 1980, pp. 1769-1771) (now OCGA § 18-4-20 (b)).

In *Gant, Inc. v. C. & S. Nat. Bank,* 151 Ga. App. 212, supra, the garnishee was held liable for money it had "advanced" pursuant to a collusive and fraudulent scheme to defeat the garnishment. In effect the garnishee in that case was required to substitute its own assets to replace those assets of defendant which it failed to preserve and deliver to the trial court in compliance with the summons of garnishment. Thus, the garnishee incurred a liability independent of its possession of the assets of defendant.

In the case sub judice (No. 66477), the judgment entered by the trial court includes both sums to which the automatic stay is applicable and funds which reflect the independent liability of garnishees. The entire judgment against garnishee Stone & Rozema DDS, PC, represents sums which remain in the possession of the garnishee, and are a portion of defendant's estate subject to the automatic stay. As to the judgment against garnishee William D. Stone, MD, PC, the same is true except for the following "advances" made by this garnishee: $3,000 for defendant's daughter's education expenses; $350 cash paid to defendant; and $1,500 for checks issued to defendant's wife. The evidence supports the finding that these dispersals were made after the garnishment and pursuant to a fraudulent and collusive scheme to avoid the process of garnishment.

As to the garnishee Stone & Rozema, DDS, PC, the judgment must be reversed. As to the garnishee William D. Stone, MD, PC, the judgment in excess of $4,850 is likewise reversed due to the stay in bankruptcy, but the judgment as to $4,850 thereof is affirmed.

*Judgment affirmed in Case Number 66476; affirmed in part and reversed in part in Case Number 66477. Shulman, C. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 9, 1983 —
REHEARING DENIED DECEMBER 6, 1983.

*Thomas J. McHugh, Jr.,* for appellants.
*Sally A. Blackmun, Nicholas S. Papleacos,* for appellee.