A91A0967. THE STATE v. WELCH.
(413 SE2d 747)

Andrews, Judge.

The defendant was convicted in the Recorder's Court of Columbus of disregarding a stop sign, and appealed the local ordinance violation to the State Court of Columbus (formerly known as the City Court of Columbus) for a de novo trial pursuant to the local act authorizing such procedure. Ga. L. 1971, Extr. Sess., pp. 2007, 2061-2062, §§ 5-300, 5-301; pp. 2064-2065, §§ 5-600, 5-601, 5-602; *Sanders v. City of Columbus*, 140 Ga. App. 441, 442 (231 SE2d 473) (1976). After the defendant received notice that his case was on the June 1990 docket, he appeared ready for trial with his attorney, but was informed by the court that the case would be postponed and assigned to a subsequent trial docket. Thereafter, the case was placed on the August 1990 trial calendar. It appears to be undisputed that neither the defendant nor his attorney received notice that the case had been placed on the August 1990 trial calendar. Uniform Superior Court Rule 32.1, which applies to State Courts, requires that notice of the trial calendar be given to the defendant and his attorney not less than seven days before the trial date.

When the defendant failed to appear for the call of the case for trial in State Court, the pending appeal and the required appeal bond were marked dismissed on August 6, 1990, on the State Court docket. On December 6, 1990, at a subsequent term of court, the State Court trial judge granted the defendant's November 14, 1990 motion to reinstate the charge and the appeal bond on grounds that he had not received notice of the August trial date. The State brings this direct appeal from the grant of reinstatement.

The trial court's order reinstating the appeal in State Court is not one of the instances set out by statute from which the state may appeal. "Pursuant to OCGA § 5-7-1, the state's authority to take a direct appeal [in a criminal case] is limited to 'the following instances: (1) From an order, decision, or judgment setting aside or dismissing any indictment or accusation or any count thereof; (2) From an order, decision, or judgment arresting judgment of conviction upon legal grounds; (3) From an order, decision, or judgment sustaining a plea or motion in bar, when the defendant has not been put in jeopardy; or

(4) From an order, decision, or judgment sustaining a motion to suppress evidence illegally seized in the case of motions made and ruled upon prior to the impaneling of a jury.' " *State v. Eaves*, 185 Ga. App. 740 (365 SE2d 535) (1988). The reinstatement was not an order arresting judgment of conviction, as characterized by the State, because it did not relate to a non-amendable defect on the face of the record. See *Gunn v. State*, 227 Ga. 786, 787 (183 SE2d 389) (1971) (arrest of judgment reaches defects on the face of record in criminal case comprised of indictment, plea, verdict and judgment); *State v. Clark*, 191 Ga. App. 708, 709 (382 SE2d 670) (1989). However, "[n]otwithstanding the provisions of OCGA § 5-7-1, the state may appeal directly an illegal judgment." *State v. Bilal*, 192 Ga. App. 185 (384 SE2d 253) (1989); *Potts v. State*, 236 Ga. 230 (223 SE2d 120) (1976). Pretermitting the question of whether the court was authorized to act at a subsequent term of court, we find that reinstating the appeal in State Court after it had been dismissed had the effect in this case of illegally setting aside a final judgment of conviction in the Recorder's Court.

The 1971 local legislation provides that a defendant found guilty in Recorder's Court "shall have the right of appeal to the City Court [presently the State Court] from the Recorder's Court in the same manner and under the same procedure as now prescribed by law for such appeals." Ga. L. 1971, Extr. Sess., p. 2065, § 5-602. The procedure controlling the appeal from Recorder's Court to the former City Court (the present State Court) provides that if the defendant fails to appear in State Court when the case is called for trial, the State Court may dismiss the appeal. Ga. L. 1952, p. 2156, § 3. "Upon the dismissal of such appeal, *and by the fact of such dismissal of such appeal, the judgment of the recorder's or mayor's court against the defendant shall be reinstated and become final* and the clerk of said [State Court] must, within 10 days thereafter, notify said recorder's or mayor's court, in writing, of said [State Court] dismissing such appeal; provided, however, that said [State Court] may, on motion of the defendant made within five days from the date of the order of dismissal, set aside such dismissal and reinstate such appeal on such terms as said [State Court] may prescribe, for good cause shown by the defendant for his absence or default." (Emphasis supplied.) Ga. L. 1952, pp. 2156-2157, § 3. The record does not reflect whether written notice of the dismissal was sent to Recorder's Court within ten days, although a notation on the charge at the time of dismissal directs that the case be sent back to Recorder's Court. In the absence of a contrary indication in the record, we will presume that the State Court properly carried out its responsibility to notify the Recorder's Court. *Green v. Sun Trust Banks*, 197 Ga. App. 804, 807 (399 SE2d 712) (1990). Under the applicable procedure, the judgment of Re-

corder's Court had become final before the State Court entered its order some three months later at a subsequent term reinstating the appeal. Granting the motion to reinstate had the effect of setting aside the final judgment in Recorder's Court. A motion to set aside or vacate a judgment is inappropriate in a criminal case. *Lacey v. State*, 253 Ga. 711 (324 SE2d 471) (1985); *Crane v. State*, 249 Ga. 501 (292 SE2d 67) (1982).[1] Accordingly, the State Court judge erred by granting the defendant's motion to reinstate.

*Judgment reversed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 14, 1991.

*Andrew Prather II, Solicitor, Melvin E. Cooper, Assistant Solicitor*, for appellant.

*Jerry D. Sanders, Weyman E. Cannington, Jr.*, for appellee.

---

[1] Under appropriate circumstances, a defendant, even though not in physical custody, may challenge a misdemeanor traffic conviction by petition for habeas corpus. *Earp v. Boylan*, 260 Ga. 112 (390 SE2d 577) (1990); OCGA § 40-13-33.