## A92A0711. COLE v. SHOFFNER et al.
### (421 SE2d 322)

SOGNIER, Chief Judge.

William Cole brought suit against John and Juanita Shoffner seeking to recover a $10,000 earnest money deposit and expenses he had incurred arising out of his offer to purchase the Shoffners' residence. The parties had signed a contract, but the sale did not close. The Shoffners answered and counterclaimed for damages they had incurred in preparing the residence for sale and complying with Cole's requirements, alleging that Cole had refused to perform a valid contract with which the Shoffners had fully complied. The jury found in favor of the Shoffners on Cole's claim and returned a verdict for the Shoffners for $150,000 in damages plus expenses of litigation on their counterclaim. Cole appeals from the denial of his motion for judgment notwithstanding the verdict or, in the alternative, for a new trial.

1. In two enumerations of error, appellant contends the trial court erred by denying his motion because his complaint was filed and trial was held during the pendency of appellees' petitions for bankruptcy (about which appellant asserts he was unaware) and thus the automatic stay provision in 11 USC § 362 (a) rendered the instant verdict and judgment null and void, citing *Stone v. George F. Richardson, Inc.*, 169 Ga. App. 232, 234 (312 SE2d 339) (1983). It is uncontroverted that appellees did not assert the bankruptcy stay as a defense to appellant's suit. Approximately five months after judgment was entered in the case sub judice, appellees' bankruptcy case was dismissed and closed, and appellant's motion to reopen the case was denied by the bankruptcy court, whereupon the trial court, having deferred ruling on appellant's motion, entered the order from which appellant appeals.

We find no merit in appellant's argument that the trial court erred as a matter of law by not voiding its judgment on the basis that it violated the automatic stay in effect at the time of entry of that judgment. In *Stone*, supra, this court followed bankruptcy court decisions holding that "[a]ctions taken in violation of an automatic stay are void and without effect. [Cit.]" Id. at 234. However, this is no longer the interpretation of 11 USC § 362 in the Eleventh Circuit. See *In re Albany Partners, Ltd.*, 749 F2d 670, 12 BCD 787 (11th Cir. 1984), relied upon by the Fifth Circuit in *Sikes v. Global Marine*, 881 F2d 176 (5th Cir. 1989). *Sikes* held that " 'the characterization of every violation of section 362 as being absolutely void is inaccurate and overly broad.' [Cit.]" Id. at 178. "More accurately, stay violations may be voidable at the debtor's or trustee's instance rather than absolutely void." *In re Fuel Oil Supply & Terminaling*, 10 BCD 1035, 1036 (Bankr. N.D. Tex. 1983). Accord *In re Silverman*, 12 BCD 100,

103-104 (Bankr. S.D. N.Y. 1984). We conclude, as did the Fifth Circuit, that the filing of a complaint in an unknowing violation of an automatic stay in effect under 11 USC § 362 (a) is not void, but voidable. *Sikes*, supra at 178-179.

We hold that the trial court correctly sustained the judgment at issue here because, although the judgment was voidable, no bankruptcy purpose would be served by voiding it. The purpose of the automatic stay is to give the debtor a "breathing spell" from its creditors and prevent one creditor from rushing to enforce its lien to the detriment of other creditors. *In re Ahlers*, 794 F2d 388, 393-394 (8th Cir. 1986), rev'd on other grounds sub nom. *Norwest Bank Worthington v. Ahlers*, 485 U. S. 197 (108 SC 963, 99 LE2d 169) (1988). "The automatic stay is for the benefit of the debtor and if it chooses to ignore stay violations other parties cannot use such violations to their advantage." *Fuel Oil Supply &c.*, supra at 1036. See *In re Brooks*, 16 BCD 992 (BAP9 Wash. 1987), aff'd 871 F2d 89 (9th Cir. 1989). While bankruptcy courts have recognized that a creditor may have standing to seek the protection of an automatic stay, e.g., *In re Reserves Dev. Corp.*, 64 BR 694, 699-700 (Bankr. W.D. Mo. 1986), that protection is afforded in the context of protection against other creditors, id.; *Ahlers*, supra at 394 n. 4, and the automatic stay is not intended to be used as a weapon by creditors to the detriment of the debtor. See *Silverman*, supra at 104. As noted by the bankruptcy judge in his order on appellant's motion, a party should not be allowed to "brandish the automatic stay for purposes for which it was not intended."

Therefore, because voiding the judgment to enforce the stay would neither benefit appellees nor protect appellant's interest as a creditor for any of the purposes for which the use of the automatic stay is employed, the trial court did not err by denying appellant's motion and upholding the judgment.

2. Appellant contends the trial court erred by denying his motion for a new trial made on the basis of newly discovered evidence, OCGA § 5-5-23, regarding appellees' bankruptcy petitions. It is well established that even where all the requirements of OCGA § 5-5-23 are met, a new trial is not demanded where the newly discovered evidence is no more than impeaching in character. *Stembridge v. State*, 84 Ga. App. 413, 415-416 (65 SE2d 819) (1951). See also *Jones v. Knightstown Body Co.*, 52 Ga. App. 667, 674 (11) (184 SE 427) (1936). Thus, although appellant's attorney correctly recognized in his arguments to the trial court that the evidence in issue here would have directly affected Ms. Shoffner's credibility at trial, that fact alone would not justify the grant of a new trial under OCGA § 5-5-23. Accordingly, this enumeration presents no ground for reversal.

3. Appellant contends the trial court erred by denying his motion for j.n.o.v. or new trial regarding the intent and validity of the sales

contract signed by the parties. Appellant also enumerates error as to the trial court's charge concerning this issue. The record reflects that the issue of the validity of the contract was not raised in appellant's complaint or the pre-trial order, and that the issues raised prior to trial by the parties were limited to whether appellant or appellees breached the contract and, if the contract was breached, whether the breaching party acted in bad faith or was stubbornly litigious.

(a) As to any and all issues for jury determination regarding the intent and validity of the contract, the denial of appellant's motion was not error because those issues were waived by appellant by failing to assert them in the pre-trial order, and we find no abuse of the trial court's discretion in excluding appellant's evidence regarding these issues upon proper objection by appellees. OCGA § 9-11-16 (b); *Long v. Marion*, 257 Ga. 431, 433-434 (360 SE2d 255) (1987); *O'Quinn v. Southeast Radio Corp.*, 199 Ga. App. 491 (1) (405 SE2d 314) (1991).

(b) Appellant contends that as a matter of law the sales contract was a nullity because it constituted an unenforceable agreement to enter into an agreement in the future. Appellant points to clauses in the contract providing that the property would be surveyed prior to closing to determine the precise acreage involved and that appellant's payment for appellees' property would include transactions involving transfer of two other parcels of realty appellant claimed he owned as support for his argument that the contract shows on its face that the parties were still negotiating essential elements of the transaction. Pretermitting the issue whether appellant amended, withdrew, or explained the admissions and stipulations in the complaint and pre-trial order to the effect that the sales contract was valid and enforceable, see *C & S Realty Investors v. L. G. Balfour Co.*, 152 Ga. App. 852, 853 (2) (264 SE2d 304) (1980), we do not agree with appellant that the contract was a nullity as a matter of law. The contractual provisions on which appellant relies did not require future negotiations or indicate that agreement had not been reached on certain conditions, compare *Kole v. Linkenhoker*, 196 Ga. App. 124-125 (1) (395 SE2d 378) (1990) (alleged oral contract lacked essential ingredient and constituted only negotiations to reach future agreement), but instead were provisions in a valid contract based upon an agreed-upon subject matter, a defined consideration, and the uncontroverted mutual assent by all parties to all the essential terms. OCGA § 13-3-1.

(c) Appellant contends that as a matter of law the contract was too vague to be enforced because the subject property was not identified with sufficient specificity. The contract identified the property by setting forth the numbers for the land lots, district, and section in which the property lay in Coweta County, the postal address of the property, and incorporated by reference the full legal description of the property as recorded with the Clerk of the Superior Court of

Coweta County. We agree with appellees that this description was sufficient to constitute a key by which the property may be identified, see *Blumberg v. Nathan*, 190 Ga. 64, 66 (8 SE2d 374) (1940), and thus the contract was not void for vagueness due to any insufficiency of the description of the property.

(d) As to appellant's enumeration regarding the charge to the jury, in view of our holding on the merits of the contract issues and the fact that appellant's counsel expressly stated that appellant had no objection to the trial court's instructions to the jury, we do not agree with appellant that the asserted errors in the trial court's charge were so blatantly apparent and prejudicial that they resulted in a gross miscarriage of justice so as to require reversal under OCGA § 5-5-24 (c). See *Hunter v. Batton*, 160 Ga. App. 849 (1) (288 SE2d 244) (1982).

4. As appellant points out, the measure of damages for breach of a contract to sell land is the difference between the contract price and the fair market value of the land at the time of the breach. *King v. Brice*, 145 Ga. 65 (3) (88 SE 960) (1916). Because the sum returned by the jury ($150,000) was approximately $112,000 less than the difference between the contract price appellant agreed to pay for the property ($642,000) and the fair market value of the property (estimated by a witness at trial as $380,055); we do not agree with appellant that there was no competent evidence to support the damages awarded. Accordingly, the trial court did not err by denying appellant's motion on this basis.

*Judgment affirmed. Pope and Cooper, JJ., concur. McMurray, P. J., disqualified.*

DECIDED JULY 1, 1992 —
RECONSIDERATION DENIED JULY 20, 1992 — 

*Stepp, Bowers & Smith, Jerry L. Stepp, Carl H. Anderson, Jr.*, for appellant.

*Zachary & Segraves, Rick S. Sexton, Jeffrey L. Sakas*, for appellees.