A93A0597, A93A0598. COMBUSTION CHEMICALS, INC. v. SPIRES et al.; and vice versa.
(433 SE2d 60)

POPE, Chief Judge.

Plaintiffs Claude E. Spires and James E. Lively own a tract of land in Lincoln County. A creek runs through the land which originates on or is fed by the watershed of Graves Mountain. Defendant Combustion Engineering, Inc. is the owner of Graves Mountain where a defendant and its predecessors previously engaged in mining. The mining operation is now closed and currently defendant is engaged in reclamation of the land, as required by law. Large amounts of sulfuric acid were used in the mining operation. The rock was ground and soaked in a pond filled with a solution of water and sulfuric acid to separate out the various minerals extracted from the rock. Remaining on the land are tailing ponds. Because of residue in the ponds, the water in these ponds is highly acidic.

Plaintiffs brought an action against defendant claiming defendant's negligence in maintaining its property had resulted in pollution of plaintiffs' creek, resulting in damage to the value of their land. Plaintiffs also asserted claims for nuisance and trespass. Plaintiffs prayed for attorney fees and costs on the ground that defendant acted in bad faith and for punitive damages on the ground defendant acted wilfully, wantonly or with that entire want of care so as to raise the

presumption of indifference to the consequences of its acts. The case was tried and the jury returned a verdict in favor of plaintiffs, awarding plaintiffs $30,500 for compensatory damages, $40,000 for attorney fees and costs of litigation and $100,000 for punitive damages. Defendant appeals the judgment (Case No. A93A0597) and plaintiffs cross-appeal (Case No. A93A0598), arguing the bifurcated trial on the issue of punitive damages was conducted improperly.

### Case No. A93A0597

1. Defendant raises ten enumerations of error. We have considered each enumeration and conclude most of them have no merit. Specifically, we conclude venue was not improper; defendant was not entitled to directed verdict on plaintiffs' claim for compensatory damages, punitive damages or attorney fees and expenses of litigation; and the trial court did not err in denying defendant's several objections to specific evidence. We agree, however, that the charge to the jury was improper and prejudicial. If the jury had awarded only compensatory damages we would be constrained to hold that the charge, though prejudicial, did not constitute harmful error because the award of compensatory damages was amply supported by the evidence. However, we must conclude that the charge raised the likelihood of harm to defendant on the issue of punitive damages and attorney fees and costs of litigation for bad faith.

In its instruction to the jury, the trial court used the following language: "I charge you that one is under a legal duty to use a dangerous instrumentality with a degree of care in proportion to the danger of the instrumentality. . . . I instruct you that one who sets in motion an agency which directly damages another's property, especially an agency of a dangerous nature, should suffer rather than an innocent property owner who has done nothing."

The charge is obviously based upon the assumption that defendant used or maintained a dangerous instrumentality. We note that the defendant no longer conducts mining operations and that this action is based upon the claim that defendant has negligently conducted its reclamation project and negligently maintained the tailing ponds on its property so that they leak highly acidic water into the creek which runs through plaintiffs' land. Defendant cites *General Refractories Co. v. Rogers*, 240 Ga. 228 (1) (239 SE2d 795) (1977) in support of its assertion that mining reclamation activities are not abnormally dangerous and thus the assumption on which the charge is based is erroneous. In *General Refractories*, the Georgia Supreme Court upheld the award of compensatory damages but reversed the award of punitive damages to an adjoining landowner who was injured by water, mud, sediment and dirt which ran off loose dirt piled

on defendant's land in the course of its mine reclamation activities. That opinion, however, was based on the holding that the "piling of dirt on defendant's own property in carrying out a legitimate business activity" was not abnormally dangerous when supervised by a state agency. Id. at 231. In this case, the activity complained of is not siltation but the emission of highly acidic water which, as shown by the evidence, destroys a creek's ability to sustain normal aquatic life. Thus, unlike the activity at issue in *General Refractories*, we cannot hold as a matter of law that the activity of holding highly acidic water in ponds which may pollute streams running through the property of adjoining landowners is not a dangerous activity. Neither can we conclude, based on the evidence produced in this case, that the activity *is* dangerous as a matter of law. The evidence showed that defendant's reclamation activities were subject to supervision by a state environmental agency and it appears from the evidence that if the holding ponds had been properly maintained the acidity level of plaintiffs' creek might not have been affected.

"The court, in charging the jury may assume admitted facts or those concerning which there is no dispute, but a charge is error that assumes a fact not admitted or indisputably proven." *Nat. Life &c. Ins. Co. v. Strickland*, 91 Ga. App. 179, 186 (85 SE2d 461) (1954). We note that the erroneous assumption in the charge in *Strickland* was preceded by "if," and therefore the assumption was stated contingently. Here, the characterization of defendant's activity as dangerous was not made contingent upon the jury's finding it to be dangerous but was summarily characterized as such. Thus, even greater reason exists to hold the charge in this case is erroneous.

The significance of characterizing an activity as inherently dangerous is that strict liability is imposed on one who engages in an abnormally dangerous activity. See *C. W. Matthews Contracting Co. v. Wells*, 147 Ga. App. 457 (1) (249 SE2d 281) (1978). One of the issues in this case is *whether* defendant was liable to plaintiffs for conducting an inherently dangerous activity. Thus, the implied assumption that defendant employed a dangerous instrumentality was improper.

We agree with defendant that the language "one who sets in motion an agency which directly damages another's property, especially an agency of a dangerous nature, should suffer rather than an innocent property owner who has done nothing," is inflammatory and prejudicial. This language is taken from this court's opinion in *Brooks v. Ready Mix Concrete Co.*, 94 Ga. App. 791, 795 (2) (96 SE2d 213) (1956), involving a claim for strict liability for damages from blasting, an activity which has always been considered, as a matter of law, an abnormally dangerous activity. "[W]hile language used by an appellate court may embody sound law, it is not always appropriate to em-

ploy such language in instructing the jury." *Allen v. Hiwassee Land Co.*, 172 Ga. App. 814, 815 (324 SE2d 742) (1984). An appropriate charge to the jury in this case would simply have instructed the jury that if they found defendant conducted an abnormally dangerous activity which proximately caused plaintiffs' injuries, then defendant should be held liable for those injuries.

### Case No. A93A0598

2. The jury, in its verdict awarding plaintiffs compensatory damages and attorney fees and costs, expressly found that an additional award of punitive damages should be made. In accordance with OCGA § 51-12-5.1 (d) (2), the trial was recommenced to permit the presentation of evidence regarding the amount of punitive damages to be awarded. Defendant presented no evidence during this phase of the trial. In their cross-appeal, plaintiffs argue the trial court erred in permitting defendant to make opening and concluding arguments at the close of the punitive damages portion of the trial.

Pursuant to Rule 13.4 of the Uniform Superior Court Rules, the plaintiff in a civil action is entitled to the opening and concluding arguments unless the defendant introduces no evidence or admits a prima facie case. The Georgia Supreme Court has ruled that the parties to an action are entitled to present closing argument to the jury in the bifurcated punitive damages phase of the trial. *McClure v. Gower*, 259 Ga. 678 (3) (385 SE2d 271) (1989). We are aware of no case, however, that has addressed the issue of whether defendant is entitled to opening and concluding argument in the punitive damages phase if, as here, it presented evidence in the liability phase of the trial but not during the punitive damages phase. Clearly, evidence relating to the degree of culpability of the defendant, and therefore relevant to the issue of punitive damages, was presented during the first phase of the trial. It was, after all, during this phase that the jury was asked to determine if the evidence supported an award of punitive damages. In this phase, defendant presented evidence relating to its degree of care and knowledge of the consequences of its acts or omissions. Thus, even though defendant presented no evidence during the second phase of the trial, it cannot be said that defendant presented no evidence relating to punitive damages. In determining that the plaintiff was entitled to opening and concluding argument even though one of two joint tortfeasors presented no evidence, this court held: " 'The question for the court in all such cases, is, was there any evidence introduced for the defense, against the complainant's demand? If there was, then the complainant's solicitor is entitled to open and conclude the argument before the jury.' [Cit.]" *Gilson v. Mitchell*, 131 Ga. App. 321, 332 (205 SE2d 421) (1974), aff'd, 233 Ga.

453 (211 SE2d 744) (1975). In this case, evidence was introduced during the initial phase of the trial in defense of plaintiffs' claim for punitive damages. Thus, the trial court erred in permitting defendant to make the opening and concluding argument in the punitive damages phase of the trial.

*Judgments reversed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED MAY 10, 1993 —
RECONSIDERATION DENIED JUNE 28, 1993 — 

*Frankel, Hardwick, Tanenbaum & Fink, Samuel N. Frankel, James J. Brissette, John D. Steel*, for appellant.
*Huguenin, Annis & Lewis, John M. B. Lewis IV, Bell & Pannell, John C. Bell, Jr., William A. Pannell, Pamela S. James*, for appellees.