## S06A1550. THE STATE v. GLOVER.

(641 SE2d 543)

SEARS, Chief Justice.

On November 9, 2005, the trial court, relying on OCGA § 5-6-48 (c),[1] dismissed the State's appeal of a February 2001 ruling that barred the trial of the appellee, Maurice Glover, on the ground that his constitutional right to a speedy trial had been violated.[2] The State appeals from the order dismissing its appeal. We conclude, however, that an order dismissing an appeal is not an order that the State has a right to appeal under OCGA § 5-7-1. Although the State has a right to appeal from void orders, OCGA § 5-7-1 (a) (5), the order dismissing the State's appeal, even if erroneous, is not void. A judgment "is not void so long as it was entered by a court of competent jurisdiction."[3] For example, in *Collins*, this Court addressed an order of a trial court modifying a divorce judgment in a contempt proceeding. We held that, although the trial court did not have the authority to modify the divorce judgment in the contempt proceeding, the judgment was not void, but was erroneous, as it was entered by a court having competent jurisdiction to hear the dispute.[4] In the present case, the dissent states that the trial court erroneously applied OCGA § 5-6-48 (c). Even assuming the trial court erred, however, the order is not void as it was entered by a court of competent jurisdiction.

Because the State does not have a right to appeal under OCGA § 5-7-1 (a) (5) or under any other provision of OCGA § 5-7-1, the State's appeal is hereby dismissed.[5]

*Appeal dismissed. All the Justices concur, except Carley and Melton, JJ., who dissent.*

CARLEY, Justice, dissenting.

The majority broadly holds that "an order dismissing an appeal is not an order that the State has a right to appeal under OCGA § 5-7-1 . . . ." Under that statute, however, the State may appeal from

---

[1] Under OCGA § 5-6-48 (c), a trial court may dismiss an appeal when a party causes an inexcusable and unreasonable delay in the filing of the transcript or when a party causes an unreasonable delay in the transmission of the record to the appellate court that was "inexcusable and was caused by the failure of a party to pay costs in the trial court."

[2] Glover was indicted in Fulton County Superior Court on April 8, 1997, for various crimes that allegedly were committed on February 25, 1994.

[3] See *Smith v. Smith*, 281 Ga. 204, 207 (2) (636 SE2d 519) (2006); *Collins v. Billow*, 277 Ga. 604, 605 (592 SE2d 843) (2004).

[4] *Collins*, 277 Ga. at 605-606. In *Stone v. George F. Richardson, Inc.*, 169 Ga. App. 232, 233 (312 SE2d 339) (1983), on which the dissent relies, the Court of Appeals did not address the difference between a void and an erroneous judgment. However, to the extent *Stone* can be read to hold that an erroneous judgment is void, it is hereby disapproved.

[5] See *Glenn v. State*, 271 Ga. 604, 604-605 (523 SE2d 13) (1999) (the State has a right of appeal in criminal cases only from the types of orders specified in OCGA § 5-7-1, and OCGA § 5-7-1 must be construed strictly against the State).

any order, including a dismissal of its appeal, "where the court does not have jurisdiction or the order is otherwise void under the Constitution or laws of this state. . . ." OCGA § 5-7-1 (a) (5). See also *State v. Sumlin*, 281 Ga. 183, 184 (2) (637 SE2d 36) (2006). Even prior to the enactment of subsection (a) (5), the appellate courts of this state have held "that, '(n)otwithstanding the provisions of OCGA § 5-7-1, the State may appeal directly an illegal judgment. [Cits.]' [Cit.]" *Gibbins v. State*, 229 Ga. App. 896, 902 (8) (495 SE2d 46) (1997).

The trial court's dismissal of the State's appeal in this case is a prime example of an illegal or void order. As the majority recognizes, the trial court relied on OCGA § 5-6-48 (c).

> Those circumstances under which a trial court may properly dismiss an appeal are strictly limited. OCGA § 5-6-48 (c) statutorily authorizes a trial court to dismiss an appeal only in those instances where the appellant caused an unreasonable, inexcusable delay in the filing of the transcript or where an unreasonable, inexcusable delay in the transmission of the record to the appellate court was caused by the failure of a party to pay costs or secure an affidavit of indigency.

*Castleberry's Food Co. v. Smith*, 205 Ga. App. 859, 860 (1) (424 SE2d 33) (1992). See also *Stone v. George F. Richardson, Inc.*, 169 Ga. App. 232, 233 (312 SE2d 339) (1983). However, the trial court did not base its dismissal of the State's appeal on either of these grounds. It did not find any delay in the filing of a transcript or any failure to pay costs. See *Brumby v. State*, 264 Ga. 215, 216 (1) (443 SE2d 613) (1994) (failure to find whether delay in filing transcript was inexcusable or caused by defendant). Instead, the trial court based its order solely on "the State's unreasonable and inexcusable delay in causing the present case to be redocketed by the Supreme Court and/or in causing the transmission of any additional record (namely, [the trial] [c]ourt's Order appointing counsel . . .)[.]"

Thus, the trial court acted outside its statutory authority in dismissing the State's appeal. See *Castleberry's Food Co. v. Smith*, supra. "Neither of [the] situations [in OCGA § 5-6-48 (c) having] occurred here . . . , [the trial court's] order of dismissal [is] absolutely void." *Stone v. George F. Richardson*, supra. See also *Jonas v. Jonas*, 280 Ga. App. 155, 157 (1) (633 SE2d 544) (2006). The majority disapproves *Stone* in favor of certain cases which were governed by the Civil Practice Act and did not involve the dismissal of any appeal. Regardless of the accuracy of the majority's analysis with respect to civil cases not involving appeals, the applicable law here consists of precedent relating to the dismissal of appeals, such as *Stone* and

*Castleberry's,* as well as the following statute governing criminal procedure: "The judgment of a court having no jurisdiction of the person or subject matter, *or void for any other cause,* is a mere nullity and may be so held in any court when it becomes material to the interest of the parties to consider it." (Emphasis supplied.) OCGA § 17-9-4. Because the trial court's order is illegal and void, it is the proper subject of a direct appeal by the State. OCGA § 5-7-1 (a) (5). See also *State v. Welch,* 201 Ga. App. 803, 804-805 (413 SE2d 747) (1991). By making such illegal orders unreviewable, the majority permits trial courts to defeat the legislative intent in granting the State a limited right of appeal, and creates the potential for grave injustices. See *State v. Morrell,* 281 Ga. 152, 153 (2) (635 SE2d 716) (2006). Accordingly, I dissent to the dismissal of this appeal.

I am authorized to state that Justice Melton joins in this dissent.

DECIDED FEBRUARY 26, 2007.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Assistant District Attorney,* for appellant.
*Sanford A. Wallack,* for appellee.