## ANDERSON *v.* CLUNE.

ON CERTIFICATE FROM THE CIRCUIT COURT OF APPEALS FOR THE NINTH CIRCUIT.

No. 331. Submitted October 5, 1925.—Decided November 16, 1925.

A soldier's additional homestead right (Rev. Stats. § 2306) is an inheritable property right, which, if not exercised or transferred by the donee, passes to his estate as other property, subject only to the exercise of the rights given by § 2307 to the widow and minor orphan children. *Webster* v. *Luther,* 163 U. S. 331. P. 141.

ANSWER to a question certified by the Circuit Court of Appeals, on an appeal from a decree of the District Court holding Anderson as trustee of a piece of land patented to him, which Clune claimed under a prior entry based on an assignment of an additional homestead right made by heirs of a deceased soldier.

*Mr. Burgess W. Marshall,* for appellant.

*Mr. Norman T. Mason,* for appellee.

MR. JUSTICE SUTHERLAND delivered the opinion of the Court.

In 1872, A. K. Johnson, an honorably discharged soldier of the Civil War, made a homestead entry of 80 acres. He died in 1875, leaving a widow, who died in 1917, neither having disposed of the husband's additional homestead right. Johnson also left four children, all over the age of 21 years at the date of the death of the widow; and they, together with the widow of a deceased son, sold and as-

signed the right to one Mason who sold and assigned it to the extent of 20.49 acres to Clune. By virtue of the latter assignment, Clune entered a tract of public lands in the United States Land Office in California; but the entry was rejected by the General Land Office on the ground that " the assignment of the soldier's additional homestead right had not been made by the soldier or his widow or his heirs prior to the administrative ruling of the Department of the Interior, February 15, 1917, (46 L. D. 32) and rulings and decisions of the Land Office, which construed §§ 2306 and 2307 of the Revised Statutes as limiting a soldier's additional homestead right to the exercise thereof (1) by the soldier himself entering the land, or indirectly by conveying his right to entry to an assignee during his lifetime (2) by the widow while her status as widow of the soldier continued; (3) in the absence of appropriation by the soldier or his widow, then by the minor orphan children during their minority acting through their guardian." In October, 1923, Anderson entered the lands in controversy under an assignment of the additional soldier's homestead right of one Dunn, and patent issued to him therefor. Anderson's entry was made with full knowledge that Clune had made prior entry thereof, under which he was claiming the land. Alleging these facts, suit was brought by Clune against Anderson to have it adjudged that the latter held the lands in trust for the former. The trial court overruled a motion to dismiss the bill and rendered a decree in favor of Clune. An appeal followed to the circuit court of appeals and that court has certified (Judicial Code § 239) the following question upon which instruction is desired:

" Under the Revised Statutes of the United States, sections 2306 and 2307, is a soldier's additional homestead right limited to the exercise thereof by the soldier himself entering the land, or indirectly by transfer of his right to an assignee during his lifetime, and to his widow while

her status as widow of the soldier continues, and in the absence of the appropriation by the soldier or his widow during their lives, then by his minor orphan children during their minority acting through a guardian?"

By § 2304 R. S., Johnson was given the right to enter and receive patent for 160 acres of public lands subject to homestead entry. Having entered only 80 acres, he became entitled to the benefits conferred by § 2306 R. S., which provides that every person entitled under the provisions of § 2304 to enter a homestead, who may have entered a quantity of land less than 160 acres, " shall be permitted to enter so much land as, when added to the quantity previously entered, shall not exceed one hundred and sixty acres." Section 2307 R. S. provides:

" In case of the death of any person who would be entitled to a homestead under the provisions of section twenty-three hundred and four, his widow, if unmarried, or in case of her death or marriage, then his minor orphan children, by a guardian duly appointed and officially accredited at the Department of the Interior, shall be entitled to all the benefits enumerated in this chapter, subject to all the provisions as to settlement and improvements therein contained; . . ."

It was held in *Webster* v. *Luther,* 163 U. S. 331, that Congress intended by § 2306 R. S. to vest a property right in the donee as a sort of compensation for his failure under § 2304 to obtain the full quota of 160 acres; that residence on or cultivation of the lands to be taken was not required as in the case of the original homestead entry; and that it was immaterial to the government whether the original donee should exercise the right or should transfer it to another. And the property right thus vested was held to be assignable. The rulings of the Land Office prior to this decision had been that the right was essentially personal and non-assignable,—to be exercised only by the original donee or his widow or his minor orphan children

through a guardian. After the decision, the rulings of the department were uniformly to the effect that the right not only was assignable, but inheritable; that in case a soldier entitled to the right died without exercising it, leaving no widow or minor orphan children, the right to entry vested in his personal representatives, *Williford Jenkins,* 29 L. D. 510; *Fidelo C. Sharp,* 35 L. D. 164, and other cases; but, if the right passed to the minor children, it became absolute in them, in no way conditioned upon an appropriation by the guardian during their minority. *John H. Mason,* 41 L. D. 361.

This view was adhered to until 1917, when the Secretary of the Interior by an administrative ruling held that the right must be used by the soldier in his lifetime, either by entering the land or assigning the right, or by the widow while her status as such continued, or by the minor orphan children during their minority, acting through their lawful guardian; and that if not exercised as thus indicated the right lapsed and ceased to exist. The officers of the land department were expressly instructed that no soldier's additional right assigned by the heirs or administrator of the estate of a deceased soldier or of his widow, or of his minor orphan children, or directly by such " minor children " after they had reached majority, should be recognized as a basis for the entry of public land. 46 L. D. 32. In a subsequent letter reviewing these instructions, 46 L. D. 274, 275, the Secretary of the Interior said: " The benefit of Section 2306, indeed, is not before its acceptance property at all, and hence is not capable of inheritance. It is a mere offer, which upon its acceptance by a designated beneficiary during his term of qualification as such becomes property, and convertible into specific land by entry under it."

This is plainly in the face of the decision of this Court in *Webster* v. *Luther, supra.* See also, *Mullen* v. *Wine,* 26 Fed. 206; *Barnes* v. *Poirier,* 64 Fed. 14, 18. The grant of

·the statute (§ 2306), *ipso jure*, vests a property right in the donee which he may exercise or sell and transfer. A property right, the ownership of which may be conveyed to and vested in a purchaser, must be accorded the quality of inheritability, which usually attaches as an incident of ownership, in the absence of some provision of law to the contrary; and we, therefore, hold that the soldier's additional homestead right, if not exercised or transferred by the donee, passes to his estate as other property, subject only to the exercise of the rights given by § 2307 to the widow and minor orphan children.

> *The question certified is answered in the negative.*