S06A1352. THE STATE v. SUMLIN.
(637 SE2d 36)

MELTON, Justice.

The State appeals from the trial court's grant of a mistrial over two months after the jury returned its verdict against Leroy Sumlin. Sumlin was tried for, among other things, felony murder in connection with the shooting death of Antonio Taylor. Testimony at trial established that bleach eviscerates gunshot residue on the skin, and during the State's closing argument, the prosecutor washed her hands with a purported bleach solution and stated to the jurors that the solution did not burn her hands. Sumlin then moved for a mistrial, arguing that the closing-argument demonstration introduced new evidence and deprived him of any cross-examination. The trial court gave a curative instruction, and the jury found Sumlin

guilty of felony murder, aggravated assault, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon. The court released the jury, and Sumlin renewed his motion for a mistrial. The trial court took Sumlin's renewed motion under advisement and granted the motion over two months later, concluding that the State's demonstration during closing argument constituted improper evidence. The State filed a motion to vacate the mistrial order, which the trial court denied. This appeal followed.

1. The State contends that the trial court's grant of a mistrial over two months after the jury had returned its verdict resulted in a void order. We agree. A motion for mistrial, by its very nature, seeks to end the trial proceedings before a verdict is rendered in order to ensure that the defendant may receive a fair trial. See, e.g., *Agee v. State*, 279 Ga. 774, 777 (4) (621 SE2d 434) (2005) ("[A] mistrial is appropriate if it is essential to the preservation of the defendant's right to a fair trial.") (citation and punctuation omitted). It is not to be confused with a motion for new trial, which is the appropriate vehicle through which to pursue a retrial after the verdict has been rendered. See OCGA § 5-5-40 (a) ("All motions for new trial, except in extraordinary cases, shall be made within 30 days of the entry of the judgment on the verdict or entry of the judgment where the case was tried without a jury."); see also Ga. Const. Art. I, Sec. I, Par. XVIII ("No person shall be put in jeopardy of life or liberty more than once for the same offense except when a new trial has been granted after conviction *or* in case of mistrial.") (emphasis supplied). Once the jury returns its verdict, the trial has ended and the time for granting a mistrial has passed. See *State v. Archie*, 230 Ga. App. 253, n. 1 (495 SE2d 581) (1998) ("Clearly, a trial court cannot grant a mistrial after a verdict has been returned.") (citation omitted); *State v. Jorgensen*, 181 Ga. App. 502, 503 (353 SE2d 9) (1987) ("A trial court cannot grant a mistrial after verdict.") (citation and punctuation omitted).

Thus, the trial court's order granting the motion for mistrial in this case was void. Accordingly, the trial court erred by failing to vacate this void order pursuant to the State's motion.

2. Because the trial court's order granting the motion for mistrial was legally void, the State could properly challenge this order through a direct appeal. OCGA § 5-7-1 (a) (5) (the State may properly appeal "[f]rom an order, decision, or judgment of a court where the court does not have jurisdiction or the order is otherwise void under the Constitution or laws of this state").

*Judgment reversed. All the Justices concur.*

DECIDED OCTOBER 30, 2006.

*Paul L. Howard, Jr., District Attorney, Marc A. Mallon, Bettieanne C. Hart, Assistant District Attorneys*, for appellant.
*Carl P. Greenberg*, for appellee.