In the Supreme Court of Georgia

Decided:   June 6, 2016

S16F0336.  TRIOLA v. TRIOLA.

THOMPSON, Chief Justice.

In this divorce action, appellant Joseph Triola (husband) was ordered to pay appellee Janet Triola (wife) temporary alimony, and the final judgment, in part, ordered husband to pay wife an $18,000 arrearage owed under the temporary alimony award.  We granted husband's application for discretionary appeal to consider whether the award of temporary alimony, as well as the arrearage provision in the final decree, must be reversed because the first temporary alimony order was made by a judge who entered the award after the effective date of his resignation and the second temporary alimony order, identical to the first, was made by a successor judge who did not conduct an independent review of the evidence before entering the award.  We conclude that, under these circumstances, both the award of temporary alimony and the $18,000 arrearage provision of the final judgment must be reversed.

The facts in this case, largely undisputed by the parties, are as follows: husband and wife were originally divorced in 2006 by entry of a final judgment and decree of divorce signed by Judge Kenneth Nix. After wife's subsequently filed motion to set aside the 2006 judgment was granted, she filed a petition for temporary alimony pursuant to OCGA § 19-6-3. Judge Nix held an evidentiary hearing on wife's motion in September 2010 at which both parties presented evidence and testified at length regarding wife's need for support, husband's ability to pay, and allegations of adultery which husband claimed precluded an alimony award. See OCGA § 19-6-1 (b) (precluding moving party from receiving alimony if it is established by a preponderance of the evidence that the separation of the parties is caused by moving party's adultery); OCGA § 19-6-1 (c) (authorizing alimony in accordance with the needs of the moving party and the ability of the other party to pay); OCGA § 19-6-3 (authorizing award of temporary alimony and identifying factors to be considered in making such award).

On October 4, 2010, before ruling on the motion for temporary alimony, Judge Nix resigned. Two days later, after the effective date of his resignation, Judge Nix signed an order awarding wife temporary alimony of $3,600 per

2

month. Husband moved to set aside Judge Nix's temporary order but his motion was denied on October 20, 2010, by Judge Reuben Green, who had assumed responsibility for Judge Nix's caseload. On the same day, without holding a new hearing, Judge Green entered a temporary alimony order that awarded wife temporary alimony of $3,600 per month.

After a bench trial, a final judgment was entered granting wife permanent alimony of $3,000 per month for 120 months. As previously stated, the final judgment also ordered husband to pay wife an $18,000 arrearage owed under the October 20, 2010 temporary alimony order. On appeal from the final judgment, this Court reversed and remanded to the trial court because the trial court failed to hold a hearing on husband's motion for new trial. See Triola v. Triola, 292 Ga. 808 (741 SE2d 650) (2013). Husband's motion for new trial was denied on remand after a hearing, and in December 2014, this Court granted husband's timely filed application for discretionary appeal, explaining that the Court was particularly concerned with whether Judge Green committed error when he entered his temporary alimony order, an issue relevant in this appeal because of the directive in the final judgment that husband pay the $18,000 arrearage.

1. Husband contends the trial court erred by ordering him to pay the

$18,000 arrearage because the first temporary alimony order was issued by Judge Nix who, on the date it was signed, was no longer a sitting superior court judge, and the second temporary order was entered by Judge Green, a judge who did not hear the evidence offered by the parties pertaining to wife's motion. Wife, in contrast, urges us to uphold Judge Nix's temporary order by concluding that it "related back" to the September evidentiary hearing over which he presided. Alternatively, she argues that due to the nature of temporary alimony, Judge Green was not required to conduct an independent review of the evidence before ruling, and even if such review was required, we should assume he relied on the record in making his findings and conclusions.

It is beyond all reasonable dispute that Judge Nix had no authority to sign the October 6, 2010 temporary order after the effective date of his resignation and that temporary order was void and of no legal effect. See OCGA § 9-12-16 (judgment void for any cause "is a mere nullity"); Brand v. City of Lawrenceville, 127 Ga. 237, 237 (55 SE 967) (1906) (trial judge has no authority after he or she goes out of office, by resignation or otherwise, to sign writ of error); Grace v. Gordon, 113 Ga. 88, 90 (38 SE 404) (1901) (concluding that judge had no authority, after expiration of term of office, to sign bill of

4

exceptions). It is likewise beyond reasonable dispute that Judge Green, as the successor judge, was authorized to award temporary alimony to either party as long as the litigation was pending. See OCGA § 19-6-3 (a) (providing that in a pending action for divorce, either party may apply to presiding judge for an order granting temporary alimony); Brown v. Brown, 224 Ga. 90, 91 (160 SE2d 343) (1968) (whether to grant or refuse temporary alimony is a question for the court). The question before us relates then not to a trial court's general authority to award temporary alimony but to the process required when, in a civil action, the order of a predecessor judge who heard the evidence on a party's motion for temporary alimony is deemed void and a successor judge is called upon to rule on the same motion.

We have found no Georgia case or procedural rule specifically addressing a successor judge's authority to make findings of fact and conclusions of law under similar circumstances, and the parties have pointed us to none. However, OCGA § 19-6-3 (a) explicitly requires a trial court in considering whether to grant temporary alimony to hear "both parties and the evidence as to all the circumstances of the parties and as to the fact of marriage[.]" Id. See Fried v. Fried, 210 Ga. 457, 459-460 (80 SE2d 796) (1954) ("In arriving at the proper

5

order [on a motion for temporary alimony], the court is under the duty to consider the peculiar necessities of the [moving party] growing out of the pending litigation[.]").  Subsections (b) and (c) of the same statute command that "[i]n arriving at a decision, the judge shall consider the peculiar necessities created for each party by the pending litigation and any evidence of a separate estate owned by either party" and authorize the trial judge, "in fixing the amount of alimony," to "inquire into the cause and circumstances of the separation rendering the alimony necessary[.]"  OCGA § 19-6-3 (b) and (c).  Thus, an award under OCGA § 19-6-3 is dependent upon a trial court's consideration of the financial circumstances of the parties, as well as the reason for the parties' separation, and the trial judge making the award must hear and review the evidence absent the consent of the parties to an alternative process.  We have long held that the judge considering a temporary alimony request has discretion to hear the evidence orally or by affidavit.  See Rogers v. Rogers, 103 Ga. 763, 764 (30 SE2d 659) (1898) (recognizing that a trial court ruling on a petition for temporary alimony must "hear" the evidence as to the parties' circumstances but holding that a court may, in its discretion, hear the evidence either orally or by affidavits).

Judge Green, therefore, would have been authorized to decide the motion for temporary alimony based on oral testimony presented at a hearing over which he presided or affidavit evidence. Here, it is undisputed that no hearing pertaining to wife's motion for temporary alimony was held before Judge Green prior to entry of his October 20, 2010 order and there is no suggestion in the record that he conducted an independent review of the evidence previously submitted by the parties akin to the permissible review of affidavits.[1] Additionally, it appears the parties were given no notice of the trial court's intent to decide the issues raised by wife's motion without the benefit of a new hearing. Notice to the parties of the trial court's change in practice was especially important in this case because the practice followed by the predecessor judge in deciding the same motion had been to allow the parties to present both affidavits and oral testimony. We conclude, under these circumstances, that the October 20, 2010 order awarding wife temporary alimony was entered in error and that part of the trial court's final judgment

[1] Although wife argues that the October 20, 2010 ruling may have been based on Judge Green's review of the record, the transcript of the previous motion hearing was not made part of the record until July 31, 2012, almost two years after Judge Green's order was issued, rendering it impossible for him to have reviewed the previous hearing transcript.

7

directing husband to pay to wife $18,000, an amount representing the arrearage husband owed pursuant to the October 20, 2010 temporary order, must be reversed.

2. Regarding the issue of relief, we note that the only issue left to be resolved is whether wife is entitled to temporary alimony and the evidence originally submitted by the parties pertaining to wife's motion is now part of the record in this case. The possibility that wife may be entitled to seek additional temporary alimony, in which circumstance additional evidence may need to be presented to and considered by the trial court, precludes us, however, from deciding the issue on the existing record. See Robinson v. Robinson, 287 Ga. 842, 846-847 (700 SE2d 548) (2010) (temporary alimony award "continues in effect until the entry of the remittitur in the trial court."); Chlupacek v. Chlupacek, 226 Ga. 520, 522 (3) (175 SE2d 834) (1970) (judgment for temporary alimony continues in force until termination of litigation in all courts); Brown v. Brown, 224 Ga. 90, 91-92 (160 SE2d 343) (1968) (affirming award of additional attorney fees following reversal of alimony award on appeal). Accordingly, this case is remanded to the trial court for proceedings consistent with this opinion.

3.  Husband's remaining enumerations of error are without merit, and the remainder of the trial court's final judgment, therefore, is affirmed.

_Judgment affirmed in part and reversed in part and case remanded with direction.  All the Justices concur._