NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.

In the Supreme Court of Georgia

Decided: August 21, 2023

S22G1035. IN THE INTEREST OF A. H., A CHILD.

COLVIN, Justice.

After adjudicating A. H. delinquent but finding that he was not in need of treatment, rehabilitation, or supervision, the juvenile court in this case entered an order dismissing the delinquency proceedings under OCGA § 15-11-600 (d) and sealing the record under OCGA § 15-11-701. The State appealed the juvenile court's decision to seal the record, but the Court of Appeals dismissed the appeal, concluding that neither subsection (a) (1) nor subsection (a) (6) of OCGA § 5-7-1 authorized the State to appeal from the juvenile court's order. We granted certiorari to determine whether "the Court of Appeals err[ed] in concluding that the State was not permitted to appeal under OCGA § 5-7-1 (a)."

1.    After carefully considering the full record and the briefs

of the parties, this Court has determined that the writ of certiorari issued in Case No. S22G1035 was improvidently granted. The Court of Appeals determined that the juvenile court's order was not appealable under OCGA § 5-7-1 (a) (6) because it was not a "void" order. But this issue is a difficult one given the state of our case law in this area, and the issue was neither fully litigated below nor briefed by the parties in significant depth in this Court. Thus, although this issue is properly before us in a narrow sense, it is not presented in a form that would allow us to clarify the law or otherwise provide meaningful guidance. Accordingly, the writ is vacated, and the petition for certiorari in Case No. S22C1035 is denied.

2. In connection with this case, we observe that this Court has not fully explained the contours of what makes an erroneous order issued by a court of competent jurisdiction "void" under state law for purposes of OCGA § 5-7-1 (a) (6) (providing that the State may appeal "in criminal cases and adjudication of delinquency cases . . . [f]rom an order, decision, or judgment of a court where the court

does not have jurisdiction or *the order is otherwise void under the Constitution or laws of this state*" (emphasis supplied)). We have held that, even when a court has jurisdiction over a case, certain types of errors can render the court's order "void," but we have not explicitly identified what principle or principles of law distinguish erroneous-but-valid orders from erroneous orders that are "void and of no legal effect." *Triola v. Triola*, 299 Ga. 220, 221 (1) (787 SE2d 206) (2016). Compare *State v. Owens*, 296 Ga. 205, 212 (3) (b) (766 SE2d 66) (2014) (stating that "[a] judgment entered on mutually exclusive verdicts is void" without explaining why such an error renders the judgment void rather than merely erroneous), overruled on other grounds as recognized by *Booth v. State*, 311 Ga. 374 (858 SE2d 39) (2021); *State v. Sumlin,* 281 Ga. 183, 184 (1) (637 SE2d 36) (2006) (holding that an order granting a mistrial after the jury returned its verdict was void because "the time for granting a mistrial ha[d] passed," but not explaining why this procedural error caused the order to be void rather than merely erroneous); and *Crumbley v. State*, 261 Ga. 610, 610 (1) (409 SE2d 517) (1991)

3

(noting our longstanding rule that criminal sentences and judgments are "void if [a] court imposes punishment that the law does not allow," without explaining the basis for that rule); with *State v. Evans*, 282 Ga. 63, 65 (646 SE2d 77) (2007) (noting that not just "*any* improper exercise of a trial court's authority renders a judgment void" and holding that a court's decision to conduct a bench trial over the State's objection resulted only in "an ineffective waiver of the right to trial by jury, not a void judgment," without explaining why an error of that type did not render the judgment void (emphasis in original)); and *State v. Glover*, 281 Ga. 633, 633 (641 SE2d 543) (2007) (holding that an order dismissing the State's appeal pursuant to a statute authorizing orders of that type was not void without fully explaining why the court's procedural and factual errors did not render its order void). Perhaps we will have an opportunity to further explain the legal principles governing voidness in a case where the issue is squarely presented and fully briefed. But this is not that case.

*Writ of certiorari vacated and petition for certiorari denied. All*

*the Justices concur, except Pinson, J., who concurs in Division 1 and in the judgment.*