**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**HODGES and PIPKIN, JJ.**

**November 18, 2025**

# In the Court of Appeals of Georgia

A25A1074. THE STATE v. CAMPBELL.

PIPKIN, Judge.

The State appeals from a trial court order terminating its prosecution of Jerry Campbell for criminal trespass and misdemeanor obstruction of law enforcement officers. Specifically, Campbell, mid-trial, moved for a mistrial and, in the alternative, for a directed verdict, before the State had concluded its presentation of evidence. The trial court granted both the motion for mistrial and the motion for a directed verdict. On appeal, the State asserts that a trial court has no authority to direct a verdict of acquittal before it has finished presenting its case, and asks this Court to vacate the trial court's order as void. Based upon the record before us, however, we cannot

determine whether we have jurisdiction to hear this appeal and, therefore, must vacate and remand this case to the trial court with direction.

Campbell was charged by accusation with both criminal trespass for failing to leave a Target store when asked to leave by the store's representative, and misdemeanor obstruction of law enforcement officers for resisting arrest. The case proceeded to a jury trial. During the presentation of the State's case, an officer who encountered Campbell at Target testified and his body camera recording was played for the jury. On direct examination, the prosecutor asked the officer about the meaning of a reference on the recording to "a call for a 24." The officer responded, "[u]sually somebody who is not always mentally there."

At that point, counsel for Campbell objected and moved for a mistrial. The prosecutor explained that she had asked the question because she thought that "a call for a 24" was a reference to criminal trespass and that she did not expect the officer's response. She asked the court to give a curative instruction instead of granting a mistrial. The court asked the officer whether he knew anything more about the case than what was on the body camera recording. Before the officer completed

his answer, the court asked the officer if that was "about all you're going to testify to[.]" After the officer indicated it was, the following exchange occurred:

> COURT: Well, . . . we certainly don't need to try this case again. And we're already looking at a directed verdict of acquittal on the criminal trespass charge. That's going to happen. And then on the willful obstruction, how could you — it says resisting arrest. What was the way that [the first officer] testified about resisting arrest?
>
> PROSECUTOR: When he went to arrest Mr. Campbell, he pulled away from him.
>
> THE COURT: I don't remember him — he talked about how he arrested him after he hit him with the baton, right? And then he grabbed his arm, and he walked him to where then the officer came, right?
>
> PROSECUTOR: No, Your Honor. That wasn't the testimony. [The first officer] testified that he went to pull away from him and he was struggling with him to the point where he could not get him in handcuffs until [the second officer] arrived on scene.
>
> COURT: And he talked about how — I didn't hear about a struggle. Did you hear about a struggle?
>
> DEFENSE COUNSEL: No.
>
> COURT: I didn't either. I heard that you couldn't arrest — you couldn't put handcuffs on somebody who didn't want to be handcuffed.
>
> DEFENSE COUNSEL: Yes.
>
> COURT: I didn't hear any specifics about what happened.
>
> DEFENSE COUNSEL: I did not, Your Honor, but I —
>
> COURT: I didn't either. All right. But now we're at a mistrial. So I think

— you know what, I don't know how I don't grant the mistrial. But I'm going to find, too, that although I can [accept the prosecutor's] explanation for it, you know, she didn't know what she was asking about.

DEFENSE COUNSEL: Your Honor, alternatively, the defense would be asking — could ask for a directed verdict on all the charges, in which case jeopardy has attached, if the directed verdict is granted, for that to dispose of the case.

COURT: I think it does already with the misconduct of the prosecution by asking that question and bringing in — whether I have to find it willful or not, I think it certainly looks that way. They brought in Mr. Campbell's mental—they're questioning Mr. Campbell's mental health by referencing that. And so I'm not sure they're going to be able to prosecute him anyways on their causing of this mistrial. I'm going to do it. I'm — you know what, I'm going to do it on both grounds. I'm going to directed verdict [of] acquittal on both counts and grant your mistrial at the same time. So — on alternative grounds.

PROSECUTOR: Your Honor?

COURT: Yes.

PROSECUTOR: At this time, the State hasn't rested its case.

COURT: That's okay. You can object, and you can appeal me if you like on both of these issues if you'd like to take it up on appeal. But that's what I'm going to do. Okay.

The judge called the jury back into the courtroom and stated the following:

Folks, I am sorry to inform you, but this case is now over. I am doing one of two things - I'm doing both things, but I'll let you know what's

happening because the case is over. You won't be deciding this case for yourselves. But I have granted the motion for mistrial and that was due to - and I am - but due to bringing in the defendant's mental health in the case, which had no bearing upon, at this time.

And I can't - I couldn't undo that. So I have granted the mistrial based on the prosecution bringing that issue to play before you. The other thing that I did was I granted a directed verdict of acquittal on both counts as well. And those are in the alternative. And that was - Officer Irving testified his knowledge is what was in the video that we saw.

And so he was not going to add anything more to the basis for the accusations. And the way they were drafted, the State couldn't prove either of those. So that's what I did.

Thereafter, the trial court entered a written order stating as follows:

The aforesaid matter came before this Court on August 19, 2024 for JURY TRIAL. As stated at the trial, the Court HEREBY GRANTS Defendant's motion for directed verdict of acquittal on both counts in the accusation or, in the alternative, for mistrial caused by the prosecution during the trial of this matter.

The State filed a notice of appeal to challenge the trial court's order.

Campbell has moved to dismiss this appeal, arguing that under the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, a trial court's directed verdict of acquittal may not be appealed. The State, however, asserts that we may consider this appeal because the trial court's judgment is void under Georgia law. Based upon the record before us, however, we are unable to conclude if

5

we have jurisdiction to review this case. Indeed, United States Supreme Court precedent requires us to vacate the order and remand this case to the trial court for clarification of its ruling.

The United States Supreme Court "first recognized that the Double Jeopardy Clause bars retrial following a court-decreed acquittal, even if the acquittal is 'based upon an egregiously erroneous foundation.'" *Evans v. Michigan*, 568 U.S. 313, 318 (II) (A) (133 SCt 1069, 185 LE2d 124) (2013) (quoting *Fong Foo v. United States*, 369 U.S. 141, 143 (82 SCt 671, 7 LE2d 629) (1962) (per curiam)). Since *Fong Foo*, the United States Supreme Court has also made it clear that acquittals include "any ruling that the prosecution's proof is insufficient to establish criminal liability for an offense." *McElrath v. Georgia*, 601 U.S. 87, 94 (144 SCt 651, 217 LE2d 419) (2024) (citation modified). However, that Court has also emphasized that "[l]abels do not control our analysis in this context; rather, the substance of the ruling does. In particular, we look to whether the ruling's substance relates to the ultimate question of guilt or innocence." Id. The substance of the ruling matters because, while the Double Jeopardy Clause precludes a retrial after a court makes a determination that the evidence introduced was insufficient to sustain a verdict as a matter of law,

it does not preclude the State from retrying a criminal defendant whose conviction is set aside due to trial error, such as the incorrect admission of evidence or improper instructions. Thus, whether the State is barred from retrying [a defendant] depends on whether the second trial judge granted the new trial based on trial error, . . . or the insufficiency of the evidence[.]

*State v. Caffee*, 291 Ga. 31, 34 (3) (728 SE2d 171) (2012) (citation modified). See also

*Evans*, 568 U.S. at 319-320 (A) (II) (discussing at length the differences between a procedural dismissal and a substantive dismissal and the differing double jeopardy consequences for each).

Adding fuel to the fire is Georgia statutory law that allows a judge to override a jury's verdict based upon the weight of the evidence presented at trial rather than concluding that the State failed to prove their case as a matter of law. See OCGA §§ 5-5-20, 5-5-21. Under these circumstances, where a court determines that a defendant's conviction "rested upon a finding that the conviction was against the weight of the evidence, [and] not upon a holding that the evidence was legally insufficient to support the verdict. . . . [then] the Double Jeopardy Clause does not bar retrial." *Tibbs v. Florida*, 457 U.S. 31, 47 (III) (102 SCt 2211, 72 LE2d 652) (1982).

In this case, the main issue is whether the trial court's ruling was a substantive or procedural dismissal which may or may not invoke our jurisdiction. Unfortunately,

7

based upon the record before us, we cannot tell. Here, the trial court granted a motion for mistrial based upon prosecutorial misconduct (which may allow for a retrial) and granted, in the alternative, a directed verdict on both counts in the accusation (which would not allow for retrial). In granting the directed verdict, based upon the colloquy between the trial court and counsel, it appears that the trial court was weighing the evidence currently before it, like it would if it were acting at the "13th juror" rather than concluding that, as a legal matter, the State failed to prove its case. While the trial court's "buzz words" of directed verdict of acquittal may suggest that the trial court, in fact, found that the State had failed to prove its case as a matter of law,[1] when we look at the substance of the rulings here, as both the United States Supreme Court and the Georgia Supreme Court tell us we must do, based upon the record before us, we

---

[1] We are, of course, dubious that a trial court would do such a thing when Georgia statutory law clearly prohibits a defendant from moving for a directed verdict until "the close of the evidence offered by the prosecuting attorney or at the close of the case." OCGA § 17-9-1 (b). Indeed, it is axiomatic that a trial court could not possibly evaluate such a motion when the State has not called all of its witnesses and tendered all of its evidence. And, because trial judges are presumed to know the law, see *Branch v. State*, 361 Ga. App. 86, 90 (4) (863 SE2d 349) (2021), we cannot assume that the trial court wilfully ignored Georgia statutory law when it granted the defendant's premature motion for a directed verdict. Indeed, this action leads us to believe that the trial court's ruling was, in fact, not a substantive dismissal but, instead, was a ruling on the motion for mistrial but simply called something else. Still, without more clarification from the trial court, we cannot say one way or the other.

cannot say so definitively. And under such circumstances, the United States Supreme Court has said that a remand is in order. See e.g. *Greene v. Massey*, 437 U.S. 19, 26-27 (98 SCt 2151, 57 LE2d 15 (1978) (remanding for federal appellate court to determine whether state supreme court reversed the conviction on the ground of insufficient evidence or for trial error).

For these reasons, we vacate and remand for the trial court to clarify its ruling so that we may determine whether we have jurisdiction to entertain the State's appeal.

*Judgment vacated and case remanded with direction. Hodges, J., concurs and McFadden, P. J., dissents.*

A25A1074. THE STATE v. CAMPBELL.

MCFADDEN, Presiding Judge, dissenting.

I respectfully dissent. The trial court judge said he was granting a directed verdict of acquittal as well as a mistrial. He weighed the evidence in light of his prior rulings and the representations of counsel and expressly found that "the [s]tate couldn't prove either of" the charges in the accusation. There is no ambiguity in his ruling and no need to vacate the trial court's order and remand for clarification.

And because the order from which the state appeals does not fall into any of the categories of appeals by the state authorized by OCGA § 5-7-1 (a), we must dismiss

this appeal. Even if the state could appeal under the statute, such an appeal would be barred by the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution.

For these reasons, I would grant Campbell's motion to dismiss the appeal.

The state relies on three paragraphs of OCGA § 5-7-1 (a) as the bases of its appeal: paragraph (1), which allows the state to appeal from an order dismissing an accusation; paragraph (3), which allows the state to appeal from an order sustaining a plea in bar when the defendant has not been put in jeopardy; and paragraph (6), which allows the state to appeal from a void order. The parties largely focus on OCGA § 5-7-1 (a) (6), so I begin there.

(1) *OCGA § 5-7-1 (a) (6)*

The state relies on OCGA § 5-7-1 (a) (6), which provides that the state can appeal "[f]rom an order . . . of a court where the court does not have jurisdiction or the order is otherwise void under the Constitution or laws of this state[.]" It argues that the trial court's order is void because the court could not grant a directed verdict of acquittal before the state had completed the presentation of its case. The majority adopts the state's reasoning.

OCGA § 17-9-1 (b) addresses the timing of a defendant's directed verdict motion. It provides that "[t]he defendant shall be entitled to move for a directed verdict at the close of the evidence offered by the prosecuting attorney or at the close of the case, even if he fails to introduce any evidence at the trial." The trial judge made clear the basis for his determination that the state would not be able to make its case, at least on the trespass. He based his determination on the pretrial order excluding the testimony of the representative of the Target store for the state's failure to list him on the witness list; and on his exchange with the second testifying officer. The trial judge knew that none of the state's witnesses could testify to Campbell's conduct at the Target store and that under the terms of the pretrial order no witness who could, would be allowed to testify. See OCGA § 17-9-1 (a). If despite those facts, the state had in fact had the ability to make its case, it is fair to say that it should have said so, and I would characterize its failure to say so as a waiver. So the trial court was acting prematurely, but not in a complete lack of authority — and not even unfairly.

But I would not decide whether the trial court erred by granting Campbell's motion for directed verdict before the state had completed the presentation of its case, because even if the court erred, the order was not void.

3

"[A] ruling is not void simply because it is erroneous." *Howard v. State*, 362 Ga. App. 445, 448 (868 SE2d 846) (2022). "Nor is it the case that any improper exercise of a trial court's authority renders a judgment void." *State v. Evans*, 282 Ga. 63, 65 (646 SE2d 77) (2007) (emphasis in original). An order "is not void so long as it was entered by a court of competent jurisdiction." *State v. Glover*, 281 Ga. 633, 633 (641 SE2d 543) (2007) (state could not appeal from order dismissing its earlier appeal; even if dismissal order was erroneous, it was not void because it was entered by a court of competent jurisdiction) (citation and punctuation omitted).

Our Supreme Court recently acknowledged that it "has not fully explained the contours of what makes an erroneous order issued by a court of competent jurisdiction 'void' under state law for purposes of OCGA § 5-7-1 (a) (6)" nor "explicitly identified what principle or principles of law distinguish erroneous-but-valid orders from erroneous orders that are 'void and of no legal effect'." *In the Interest of A. H.*, 317 Ga. 31, 32 (2) (891 SE2d 785) (2023) (citations and punctuation omitted) (declining to do so until the proper case is brought). I would follow the law as it now exists. See *State v. Scott*, 370 Ga. App. 40, 42 (894 SE2d 512) (2023).

The general principle that can be derived from the law as it now exists seems to be that an order is void if the trial court acts beyond its authority, rather than abuses

4

or prematurely exercises that authority. An order is beyond the court's authority when the court lacks jurisdiction. *Glover*, 281 Ga. at 633. An order is beyond the court's authority when the court enters a sentence not authorized by the statutes under which a defendant was convicted, *Crumbley v. State*, 261 Ga. 610, 611 (1) (409 SE2d 517) (1991), or when the sentence's "illegality may not be waived." *State v. King*, 325 Ga. App. 445, 446 (750 SE2d 756) (2013) (en banc; emphasis omitted), citing *von Thomas v. State*, 293 Ga. 569, 571 (2) (748 SE2d 446) (2013).

Here, the trial court's order "does not implicate the trial court's subject matter jurisdiction, or its jurisdiction over the person of the defendant," *Evans*, 282 Ga. at 65, so it is not void on that account. Nor did the trial court act beyond his authority — granted by OCGA § 17-9-1 — in entering the order, even if he entered it erroneously. So the order is not void.

The state relies on *State v. Sumlin*, 281 Ga. 183, 184 (1) (637 SE2d 36) (2006), as authority for its argument that the timing of the trial court's order rendered it "otherwise void under the Constitution or laws of this state[.]" OCGA § 5-6-1 (a) (6). In *Sumlin*, our Supreme Court held that an order granting a mistrial more than two months after the jury had returned a verdict of guilty was void because "the time for granting a mistrial ha[d] passed." Id. But, as the court later noted in *In the Interest of*

5

*A. H.*, 317 Ga. at 32 (2), *Sumlin* did "not explain [ ] why this procedural error caused the order to be void rather than merely erroneous[.]" *In the Interest of A. H.*, 317 Ga. at 32 (2).

In any event, any error here came before the case was submitted to the jury and was caused by premature action on the trial court's part, rather than belated action. Because it involved, not a premature exercise of authority that would have ripened, but rather an attempt to exercise authority that had expired, *Sumlin* is distinguishable.

In the civil context, our courts have reversed as erroneous, rather than vacated as void, orders granting premature motions for directed verdicts. *Smith v. Smith*, 221 Ga. 619 (146 SE2d 721) (1966); *Spivey v. Barwick*, 157 Ga. 853 (122 SE 594) (1924) ("the direction of a verdict [against a party] before [that party] had completed the introduction of his witnesses and closed was erroneous, because premature"); *Wilson v. Kornegay*, 108 Ga. App. 318, 321 (1) (132 SE2d 791) (1963). Cf. *North Ga. Feed & Poultry Co. v. Ultra-Life Laboratories*, 118 Ga. App. 149, 152 (2) (162 SE2d 803) (1968) ("While it is true that the actual motion for directed verdict was made prior to the time the defendant closed his case, . . . a motion for directed verdict is not essential where the evidence demanded a verdict.") (citation omitted).

That civil case law is controlling in this criminal case because the relevant language in the statutes authorizing trial courts to grant directed verdicts in civil and criminal cases is identical. Under the Civil Practice Act, "A motion for a directed verdict may be made *at the close of the evidence* offered by an opponent or *at the close of the case*." OCGA § 9-11-50 (a) (emphasis added). Under Title 17, Criminal Procedure, "The defendant shall be entitled to move for a directed verdict *at the close of the evidence* offered by the prosecuting attorney or *at the close of the case . . . .*" OCGA § 17-9-1 (b) (emphasis added).

I conclude that whether or not the trial court's order was erroneous, it was not void. So the state could not rely on OCGA § 5-7-1 (a) (6) to appeal.

Even if the state could appeal under OCGA § 5-7-1 (a) (6), such an appeal is barred by the double jeopardy clause of the United States Constitution, US Const. Amend. V. See also 1983 Ga. Const., Art. I, Sec. I, Par. XVIII ("No person shall be put in jeopardy of life or liberty more than once for the same offense except when a new trial has been granted after conviction or in case of mistrial."). That question is within our jurisdiction because it is expressly answered in "decisions of the Supreme Court of . . . the United States." *Loomis v. State*, 203 Ga. 394, 402 (1) (47 SE2d 58) (1948).

"A judgment of acquittal, whether based on a jury verdict of not guilty or on a ruling by the court that the evidence is insufficient to convict, may not be appealed and terminates the prosecution when a second trial would be necessitated by a reversal." *United States v. Scott*, 437 U.S. 82, 91 (II) (98 SCt 2187, 57 LE2d 65) (1978).

"[I]t has long been settled under the Fifth Amendment [to the United States Constitution] that a[n] . . . acquittal is final, ending a defendant's jeopardy, and . . . is a bar to a subsequent prosecution for the same offence. . . . [I]t is one of the elemental principles of our criminal law that the Government cannot secure a new trial by means of an appeal even though an acquittal may appear to be erroneous." *Green v. United States*, 355 U.S. 184, 188 (78 SCt 221, 2 LE2d 199) (1957) (citation and punctuation omitted). See also *Fong Foo v. United States*, 269 U.S. 141, 141-143 (82 SCt 671, 7 LE2d 629) (1962). "The government may not appeal a trial courts grant to a criminal defendant of a directed verdict of acquittal based on an insufficiency of the evidence to support a conviction, in that a new trial would be barred by the double jeopardy clause of the Fifth Amendment." *State v. Williams*, 246 Ga. 788, 788-89 (1) (272 SE2d 725) (1980).

The United States Supreme Court has explained that the finality of an acquittal holds, and "an acquitted defendant may not be retried even though the acquittal was

8

based upon an egregiously erroneous foundation." *Arizona v. Washington*, 434 U.S. 497, 503 (II) (98 SCt 824, 54 LE2d 717) (1978) (citation and punctuation omitted).

So even if the state were entitled to appeal the grant of the directed verdict of acquittal under OCGA § 5-7-1 (a) (6), the appeal would be barred by the Fifth Amendment.

The majority would vacate the trial court order for clarification. No clarification is required. The judge weighed the evidence, determined that the state had not proven and could not prove the charges, saying so to the jury, and terminated the prosecution. See *Williams*, 246 Ga. at 789 (1) ("A directed verdict of acquittal is based on the evidence demanding a verdict of acquittal because of a lack of conflict therein."). To hold that the order was *not* the grant of a directed verdict of acquittal would be to "ignore the very plain and unambiguous language of defendant's counsel's motion for directed verdict and the even more plain and explicit language of the trial judge after granting the motion and discharging the jury." *State v. Warren*, 133 Ga. App. 793, 797 (213 SE2d 53) (1975) (state could not appeal directed verdict of acquittal after jeopardy had attached).

(2) *OCGA § 5-7-1 (a) (1)*

OCGA § 5-7-1 (a) (1) permits the state to appeal "[f]rom an order . . . dismissing any . . . accusation[.]" The state argues that the substance of the court's action was to dismiss the accusation charging Campbell, because the court acted before the state had completed the presentation of its case. I disagree.

When an order purporting to grant a directed verdict of acquittal is actually, in substance, a dismissal of an indictment or accusation, it will be treated as such for the purposes of appeal. See *Williams*, 246 Ga. at 788-789 (1); *State v. Swint*, 284 Ga. App. 343, 343 (643 SE2d 840) (2007). "In this case, there was no defect in the accusation, nor was one alleged." *Berky v. State*, 266 Ga. 28, 29 (463 SE2d 891) (1995).

But as detailed above, here the trial court weighed the evidence and terminated the prosecution for the state's failure to prove the charges. The order was not in substance the dismissal of the accusation, and the state could not rely on OCGA § 5-7-1 (a) (1) to appeal from it.

(3) *OCGA § 5-7-1 (a) (3)*

OCGA § 5-7-1 (a) (3) permits the state to appeal "from an order . . . sustaining a plea or motion in bar, when the defendant has not been put in jeopardy[.]" This paragraph by its plain terms does not apply here, because Campbell had been put in jeopardy.

"Jeopardy attaches when the jury has been impaneled and sworn[.]" *State v. Arroyo*, 315 Ga. 582, 584 (883 SE2d 781) (2023) (citation and punctuation omitted). Since the jury had been impaneled and sworn prior to the court's ruling at issue here, jeopardy had attached and the state could not rely on OCGA § 5-7-1 (a) (3) to appeal from the trial court's order.

In sum, "[b]ecause § 5-7-1 (a) establishes the universe of appeals the [s]tate is permitted to seek in criminal cases, if the [s]tate attempts an appeal outside the ambit of OCGA § 5-7-1 (a), the appellate courts do not have jurisdiction to entertain it." *State v. Wheeler*, 310 Ga. 72, 74 (1) (849 SE2d 401) (2020) (citation and punctuation omitted). Whether or not the trial court erred here, the state did not have the right to appeal under the statute, we lack jurisdiction, such an appeal is barred by the Double Jeopardy Clause and I would grant Campbell's motion to dismiss the appeal.